1 **PERKINS COIE LLP**
BOBBIE J. WILSON (No. 148317)
bwilson@perkinscoie.com
JACQUELINE YOUNG (No. 280374)
jyoung@perkinscoie.com
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7000
Facsimile: 415.344.7050

**PERKINS COIE LLP**
BRIAN P. HENNESSY (No. 226721)
bhennessy@perkinscoie.com
J. PATRICK CORRIGAN (No. 240859)
pcorrigan@perkinscoie.com
3150 Porter Drive
Palo Alto, CA 94304-4300
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for Defendant
NEST LABS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NEST LABS LITIGATION | Case No. 5:14-cv-01363-BLF<br><br>**DEFENDANT NEST LABS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)(3)**<br><br>Date: September 4, 2014<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 5th Floor<br>Judge: The Honorable Beth Labson Freeman |

# I. INTRODUCTION

The Court should deny the Plaintiffs' Motion because it is premature and ignores the very purpose of Rule 23(g)(3). The purpose of interim counsel under Rule 23(g)(3) is to protect the interests of the purported class members by eliminating the rivalries, competition, uncertainties, and overlapping efforts that occur when many different plaintiffs' firms vie for control of a series of related class actions. None of those concerns exist here. There are only two cases that the parties voluntarily consolidated. There are only two plaintiffs' firms, which seem to be working together just fine, and without any of the rivalries, uncertainties, and competition that call for Rule 23(g)(3). There is thus no need for Rule 23(g)(3) interim counsel at this point in the litigation.

Likewise, the Plaintiffs' request to have *two* firms appointed as interim counsel—the only two firms even involved in the litigation—is unorthodox and against the streamlining purpose of Rule 23(g)(3). Rule 23(g)(3) is a mechanism for *one* firm to emerge as a leader among multiple competing firms. It is not meant to give leadership roles to multiple firms simply because they were the first few to file cases. And multiple interim counsel would actually promote the sort of duplicative and competing efforts that Rule 23(g)(3) is meant to guard against. The Motion should be denied for this reason, as well.

# II. ARGUMENT

## A. Appointment of Interim Class Counsel is Unnecessary and Premature

The unusual step of appointing interim class counsel is available *when necessary to protect the interests of the putative class*. *See Parkinson v. Hyundai Motor Am.*, 2006 WL 2289801, *2 (C.D. Cal. Aug. 7, 2006) ("[T]he rule authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class.") (internal quotations omitted). The need arises when there is "rivalry or uncertainty" in connection with multiple "overlapping, duplicative, or competing" cases pending at the same time. *See* 2003 Adv. Comm. Note to Fed. R. Civ. P. 23(g)(2)(A); Manual for Complex Litigation §21.11 (4th ed. 2004). The Plaintiffs acknowledge this threshold requirement. *See* Dkt. No. 29 at 3-4.

1   Yet the Plaintiffs do not even attempt to make a showing that interim counsel is needed here to protect the interests of the putative class. *See id.* at 4-14. Instead they blow right by this necessary predicate to appointment of interim counsel and focus solely on whether the Rule 23(g)(1) requirements for appointment of *class counsel* at the *class certification stage* have been met.[1] *Id.*

The reason that the Plaintiffs fail to address this threshold issue is that there are no rivalries, uncertainties, or multiple overlapping and competing cases that would justify the need for interim counsel at this stage. The mere existence of two similar (now consolidated) cases does not create a rivalry or uncertainty among plaintiffs' counsel, and the Plaintiffs have done nothing to show otherwise. There are also no known additional similar cases filed, or even on the horizon, that might create the sort of uncertainty, competition, or rivalries to justify interim counsel. Instead there are simply two cases that have been amicably consolidated—at the *joint request* of the two plaintiffs groups—and two plaintiffs firms that have evidently been able to work pretty well together. Indeed, by their Motion they are asking the Court to bless their cooperative working relationship by ordering that they serve as co-interim counsel. Appointment of interim class counsel on these facts would be premature and unnecessary. *See Sajfr v. BBG Commc'ns, Inc.*, 2011 WL 765884, *3 (S.D. Cal. Feb. 25, 2011) (denying motion for interim counsel as premature on ground that "a number of overlapping, duplicative, or competing suits are not present" **since only three cases had been filed**).

**B.   The Notion of Co-Lead Interim Counsel Defies the Logic of Rule 23(g)(3) and Should Be Rejected.**

The Court should also reject the Plaintiffs' Motion because they ask that more than one firm be appointed as interim counsel under Rule 23(g)(3). "Co-lead interim counsel" completely defeats the point of interim counsel under the Rule in the first place. More specifically, the principle purpose of appointing interim class counsel is to maximize efficiencies and to eliminate

---

[1] Nest takes no position here as to whether either or both of the Plaintiffs' firms meet the requirements of Rule 23(g)(1). Nest will address those requirements at the class certification stage as necessary after it has had a full opportunity to conduct discovery to test the adequacy of class counsel.

OPP. TO MOTION TO APPOINT
INTERIM CLASS COUNSEL           -2-
Case No. 5:14-cv-01363-BLF

the duplication of efforts and "unproductive posturing" that may occur when multiple, competing plaintiffs' lawyers and firms are involved in class representation. *See* 5 James Wm. Moore et al., *Moore's Federal Practice* ¶ 23.121 (3d ed. 2010). The appointment of interim counsel should reduce "the risk of overstaffing or an ungainly counsel structure." 2003 Adv. Comm. Note to Fed. R. Civ. P. 23(g)(2).

But here the Motion does not ask the Court to appoint a single firm so as to foreclose competition or resolve a rivalry. In fact, as noted above, no such competition or rivalry between the firms involved in the litigation appears to exist. Rather, the Plaintiffs propose that the Court appoint the two firms as co-lead interim counsel simply because each firm filed a complaint. All that would do is preserve the status quo—two law firms, involved in a consolidated action of two different cases, with no other competing law firms or cases out there. That is not what Rule 23(g)(3) is for and courts routinely reject requests to appoint multiple firms as interim counsel in these circumstances. *See Amador v. Logistics Express, Inc.*, 2010 WL 3489038, at *2 (C.D. Cal. Aug. 27, 2010) (where two cases had been consolidated, plaintiffs would be "best served by the designation of only one interim lead counsel," rather than two); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2008 WL 2024957, at *1 (N.D. Cal. May 9, 2008) (noting that, if anything, interim counsel is better served by a single firm because the existence of multiple firms "tend[s] to increase the risk that items may fall through the cracks"); *Miller v. Ventro Corp.*, 2001 WL 34497752, at *13 (N.D. Cal. Nov. 28, 2001).

### III. CONCLUSION

For the foregoing reasons, Nest respectfully requests that the Court deny the Motion.

July 16, 2014          **PERKINS COIE LLP**

By: _____*/s/ J. Patrick Corrigan*_____
     J. PATRICK CORRIGAN

Attorneys for Defendant
NEST LABS, INC.

OPP. TO MOTION TO APPOINT
INTERIM CLASS COUNSEL     -3-
Case No. 5:14-cv-01363-BLF