UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE NEST LABS LITIGATION | Case No. 14-cv-01363-BLF<br><br>**ORDER DENYING, WITHOUT PREJUDICE, MOTION TO APPOINT INTERIM CLASS COUNSEL**<br><br>[Re: ECF 29] |

This is a putative consumer class action involving defendant Nest Labs, Inc.'s allegedly misleading advertisement of its "Nest" thermostat product. Before the Court is the motion by plaintiffs Justin Darisse and Joshua Beloff (collectively, "Plaintiffs") to appoint law firms Bursor & Fisher, P.A. and Cafferty Clobes Meriwether & Sprengel LLP ("Cafferty Clobes") as "co-lead interim class counsel." (Pl.'s Mot., ECF 29)  Defendant opposes this appointment as premature. (Def.'s Opp., ECF 30)  Having reviewed the parties' respective written submissions, the Court finds this matter appropriate for submission without oral argument and hereby VACATES the hearing scheduled for September 4, 2014.  For the following reasons, Plaintiffs' Motion to Appoint Interim Class Counsel is DENIED, without prejudice.

Under Federal Rule of Civil Procedure 23(g)(3), the district court may appoint interim counsel to act on behalf of a putative class before determining whether to certify a class. The appointment of interim class counsel is discretionary and is particularly suited to complex actions, as explained in the Manual for Complex Litigation (Fourth):

> If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of

> lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities . . . .

Manual for Complex Litigation (Fourth) § 21.11 (2004). Further, the commentary to Rule 23 notes that "[i]n some cases . . . there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." Fed. R. Civ. P. 23 advisory committee's note (discussing former subdivision (g)(2)(A), now renumbered to (g)(3)).

This is not the type of case that warrants appointment of interim class counsel. This action originated as two separate cases with similar complaints. (*See Darisse v. Nest Labs*, No. 5:14-cv-01363-BLF (Compl., ECF 1); *Beloff v. Nest Labs*, No. 5:14-cv-01697-BLF (Compl., ECF 1)). On plaintiff Beloff's motion, this Court related the two cases then granted Plaintiffs' stipulation to consolidate the two actions into one. (*See* Related Case Order, ECF 22; Consolidation Order, ECF 24) Thus, at present, there is only one consolidated action with one consolidated complaint. (*See* Consolidated Class Action Compl., ECF 28) Though Plaintiffs allude to potential other "tag-along" lawsuit on the horizon, they have not identified any complaints actually filed, let alone any actions that are likely to be consolidated with this one. (Pl.'s Reply 3, ECF 32) This action as it currently stands therefore does not present special circumstances warranting the appointment of interim class counsel. *See Donaldson v. Pharmacia Pension Plan*, No. CIV. 06-3-GPM, 2006 WL 1308582, at *1-2 (S.D. Ill. May 10, 2006) (noting that typical situation requiring appointment of interim class counsel is one "where a large number of putative class actions have been consolidated or otherwise are pending in a single court").

"[N]or is there a gaggle of law firms jockeying to be appointed class counsel," *Parrish v. Nat'l Football League Players Inc.*, No. C 07-00943 WHA, 2007 WL 1624601, at *9 (N.D. Cal. June 4, 2007), as the only two law firms on the case seek appointment as *co*-interim class counsel. There does not appear to be any rivalry between the two firms, nor any uncertainty as to their respective roles. In fact, Plaintiffs note that the two firms have been coordinating and collaborating to prosecute the consolidated actions efficiently. (*see* Pl.'s Mot. 7-8; Persinger Decl. ¶ 11, ECF 29-1) As such, greater efficiency and clarity can only be realized if the Court appoints *one* firm as interim class counsel. Plaintiffs' motion, however, does not request that the Court

choose one over another.  The Court thus finds that it is not necessary to appoint interim class counsel merely to maintain the *status quo*.

For the foregoing reasons, Plaintiffs' Motion to Appoint Interim Class Counsel is DENIED, without prejudice.

**IT IS SO ORDERED.**

Dated: August 18, 2014

_____
BETH LABSON FREEMAN
United States District Judge