# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JUSTIN DARISSE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NEST LABS, INC.,<br><br>　　　　　Defendant. | Case No. 14-cv-01363-BLF<br><br>**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF 84] |

Before the Court is Plaintiff's unopposed administrative motion to seal the following documents filed in support of Plaintiff's Motion for Class Certification 1) thirty-three exhibits to the Declaration of L. Timothy Fisher in their entirety, 2) portions of the declarations of Elizabeth Howlett, J. Michael Dennis, Colin Weir, and Plaintiff, 3) three exhibits attached to Plaintiff's declaration in their entirety, and 4) portions of Plaintiff's memorandum for the class certification motion.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Two standards govern motions to seal portions of documents: a "compelling reasons" standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive motions. *Id.* at 1179. In this district, parties seeking to seal judicial records must furthermore follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Plaintiff argues that the good cause standard applies here and that Plaintiff's request meets this standard because all of the information sought to be sealed "is subject to the [parties']

1  Protective Order." Plaintiff additionally points the Court to caselaw regarding its latitude in
2  granting protective orders. Mot. at 2 (citing *Phillips v. General Motors Corp.*, 307 F.3d 1206 (9th
3  Cir. 2002)).

4      This, on its own, does not satisfy the good cause standard. As the Protective Order itself explains, "this Protective Order does not entitle the parties to file confidential information under seal." Protective Order, ECF 58 § 1. Similarly, Civil Local Rule 79-5(d)(1)(A) provides that "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Instead, the request for sealing must establish that the document or portions thereof are "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating good cause or compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

    Defendant has not articulated reasons for sealing the requested documents, but Plaintiff has provided a declaration in support of the requested sealing. *See* Fisher Admin. Mot. Decl., ECF 84-1 at 1. Plaintiff argues that the documents "contain confidential and privileged information prepared by Defendant and provided to Plaintiff on a confidential basis" because it "discusses and/or relates to Nest's product designs, software development, analysis and testing of products, and confidential communications between Nest employees." Admin. Mot. at 2. As such, Plaintiff argues, the information constitutes "trade secrets or other confidential research, development, or commercial information." *Id.* (internal citations omitted).

    Upon reviewing the documents and portions thereof for which sealing is requested, the Court finds that Plaintiff has failed to meet the good cause standard. While correctly identifying the type of information that a district court may seal, Plaintiff fails to explain how each of its requested documents qualifies as a trade secret or otherwise protectable information.

    For example, Plaintiff asks the Court to seal Exhibit 1 to the Fisher Declaration in support of the Motion for Class Certification, which he identifies as a "true and correct copy of a Nest support page." Fisher Class Cert. Decl. ¶ 2. Though labeled "Highly Confidential – Attorneys'

Eyes Only" for purposes of the parties' Protective Order, the document appears to have been, and may still be, publicly available online. Other of Plaintiff's requests similarly appear to seek the sealing of previously public information—for example, Exhibit 4 to the Fisher Class Certification Declaration, which is described only by its bates numbers, appears to be a communications slide deck for Nest. This deck may or may not have been used at public presentations. Similarly, portions of the declarations that Plaintiff seeks to redact refer to copy decks, white papers, and advertisements that may have been publicly available. The Court lacks sufficient information to make this determination. Plaintiff's statement that the documents are confidential because they "discuss[] and/or relate[] to Nest's product designs, software development, analysis and testing of products" is insufficient because it also describes properly public information, like support pages and advertisements.

Thus, without more—including information identifying each document and specific reasons for sealing it—the Court finds that Plaintiff has failed to satisfy the good cause standard. Accordingly, the Court DENIES Plaintiff's administrative motion to seal without prejudice. Plaintiff may refile his request and Defendant may file a declaration in support of a refiled request by no later than February 5, 2016.

**IT IS SO ORDERED.**

Dated: February 1, 2016

_____
BETH LABSON FREEMAN
United States District Judge