UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NEST LABS LITIGATION | Case No. 5:14-cv-01363-BLF<br><br>**ORDER DENYING MOTION TO QUASH**<br><br>(Re: Docket No. 87) |

Former Plaintiff Joshua Beloff made two choices he regretted: first, he bought a Nest Learning Thermostat. Second, when the NLT allegedly failed to live up to its advertising, Beloff sued Defendant Nest Labs, Inc. and sought to represent a class of others similarly situated. The duties of a class representative proved to be too much, though, and Beloff withdrew as a named plaintiff.[1] Nest still seeks discovery from Beloff, leading Plaintiff Justin Darisse to move to quash Nest's deposition and document subpoenas.[2] As explained below, Darisse's motion to quash is DENIED.

Beloff and Darisse initially sued Nest separately, but all parties later stipulated to consolidation and Beloff and Darisse filed an amended, consolidated class action complaint.[3] The consolidated complaint includes Beloff's allegations that he saw Nest's allegedly misleading marketing representations, purchased his NLT based on those representations, would not have

---

[1] *See* Docket No. 50.

[2] *See* Docket No. 87.

[3] *See* Docket Nos. 23, 24, 28.

Case No. 5:14-cv-01363-BLF
ORDER DENYING MOTION TO QUASH

1

purchased the NLT but for those representations and lost money as a result.[4]

After participating in litigation as a putative class plaintiff for nearly a year, Beloff moved to withdraw as a named plaintiff, citing personal and professional obligations.[5] Nest did not oppose but expressly reserved "all rights with respect to the discovery requests" it had already served on Beloff several months earlier.[6] The court granted Beloff's motion to withdraw, but noted Nest's reservation of its rights.[7] Nest then subpoenaed Beloff, seeking testimony and documents related to his allegations in the operative complaint and issues related to class certification.[8] The current subpoenas seek a subset of the discovery that Nest previously sought from Beloff when he was a named plaintiff.[9]

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[10] Fed. R. Civ. P. 45 allows issuance of a subpoena on a nonparty and sets forth limited bases for quashing a subpoena.[11] In class action discovery, a party seeking to depose unnamed class members has the burden of

---

[4] *See* Docket No. 28 at ¶ 10.

[5] *See* Docket No. 46-1 at ¶ 3.

[6] Docket No. 49.

[7] *See* Docket No. 50.

[8] *See* Docket No. 92 at 5.

[9] *See id.*

[10] Fed. R. Civ. P. 26(b)(1).

[11] *See* Fed. R. Civ. P. 45(a)(1)(A)(iii), 45(d)(3)(A)-(B).

2
Case No. 5:14-cv-01363-BLF
ORDER DENYING MOTION TO QUASH

showing that "discovery is both necessary and for a purpose other than taking undue advantage of class members."[12]

The court first notes that Beloff is not the typical unnamed class member. He was originally a putative class plaintiff, and the operative complaint is based in part on his specific allegations.[13] Despite Beloff's withdrawal, Nest must continue to defend against them. This also is not the typical discovery situation involving a reluctant named plaintiff. The court has previously encountered named plaintiffs seeking to avoid discovery, and in those cases, the court allowed discovery to proceed because the plaintiffs had not yet withdrawn.[14] In contrast to those cases, Beloff has already withdrawn, and Nest did not request that his withdrawal be conditioned on cooperation with discovery. Yet Nest explicitly reserved its rights with respect to the discovery it had already propounded, and in order for that reservation to have any meaning, it must be a reservation of the discovery rights that Nest had against Beloff prior to his withdrawal. Nest therefore is entitled to depose Beloff and request document production from him. Nest has shown that the discovery is necessary to its defense against a complaint based in part on Beloff's allegations, and there is no indication that Nest is taking undue advantage of Beloff or that Nest's subpoenas impose an undue burden on him.

When it comes to discovery, are all class representatives forever in for a penny, in for a pound, no matter what? No. But in for a penny, in for a nickel? In this case, and on this record—yes.

---

[12] *Baldwin & Flynn v. Nat'l Safety Associates*, 149 F.R.D. 598, 600 (N.D. Cal. 1993).

[13] *See* Docket No. 28 at ¶¶ 5, 10.

[14] *See, e.g.*, *Fraley v. Facebook Inc.*, Case No. C-11-1726-LHK (PSG), 2012 WL 555071, at *2-3 (N.D. Cal. Feb. 21, 2013); *see also Opperman et al. v. Path, Inc. et al.*, Case No. 13-cv-00453-JST, 2015 WL 9311888, at *3 (N.D. Cal. Dec. 22, 2015).

3
Case No. 5:14-cv-01363-BLF
ORDER DENYING MOTION TO QUASH

1  **SO ORDERED.**

2  Dated: March 9, 2016

3  _____
   PAUL S. GREWAL
4  United States Magistrate Judge