# EXHIBIT 201

# EXHIBIT 201
## Variations in State Consumer Protection Statutes and Deceptive Trade Practices Laws

| | **California** | **Other States** |
|---|---|---|
| Reliance | **Named Plaintiffs' Actual Reliance Required:**<br><br>A plaintiff must prove "actual reliance on the misrepresentation and harm" to recover damages under the CLRA. Cal. Civ. Code § 1780(a); *Nelson v. Pearson Ford Co.*, 186 Cal. App. 4th 983, 1022 (2010).<br><br>To have standing, class representatives must establish reliance under the UCL and FAL. *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009); *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 793 (2012); *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1111 (S.D. Cal. 2011).<br><br>Under the UCL and FAL, members of a putative class are not entitled to restitutionary relief where they were never exposed to the defendant's alleged misrepresentations. *Pfizer v. Superior Court*, 182 Cal. App. 4th. 622, 631- 32 (2010); *Sevidal v. Target Corp.*, 189 Cal. App. 4th 905, 926-28 (2010). | **Reliance Required:**<br><br>• Arizona.  *Kuehn v. Stanley*, 91 P.3d 346, 351 (Ariz. Ct. App. 2004).<br><br>• Georgia.  Ga. Code Ann. § 10-1-399; *Baranco, Inc. v. Bardshaw*, 456 S.E.2d 592, 594 (Ga. Ct. App. 1995).<br><br>• Indiana.  Ind. Code Ann. § 24-5-05-4(a).<br><br>**Reliance Not Required:**<br><br>• Delaware. *Stephenson v. Capano Dev. Inc.*, 462 A.2d 1069, 1074 (Del. 1983); *S&R Assocs. v. Shell Oil Co.*, 725 A.2d 431, 440 (Del. Super. Ct. 1998); *Pack & Process, Inc. v. Celotex Corp.*, 503 A.2d 646, 658 (Del. Super. Ct. 1985).<br><br>• Florida. *Davis v. Powertel, Inc.*, 776 So. 2d 971, 973-74 (Fla. Dist. Ct. App. 2000).<br><br>• Iowa. Iowa Code § 714.16(7).<br><br>• Massachusetts. *Sebago, Inc. v. Beazer E., Inc.*, 18 F. Supp. 2d 70, 103 (D. Mass. 1998); *Iannacchino v. Ford Motor Co.*, 888 N.E.2d 879, 887 n.12 (Mass. 2008).<br><br>• New York.  *Stutman v. Chem. Bank*, 731 N.E.2d 608, 611-12 (N.Y. 2000).<br><br>• Connecticut. *Izzarelli v. R.J. Reynolds Tobacco Co.*, 117 F. Supp. 2d 167, 176 (D. Conn. 2000).<br><br>**Actual Reliance Not Required, But All Class Members Must Have Been Exposed to Defendant's Representations:**<br><br>• New Jersey. *Loreto v. P&G*, 2013 WL 6055401, *4 (S.D. Ohio Nov. 15, 2013) (New Jersey Law). |

**EXHIBIT 201**
**Variations in State Consumer Protection Statutes and Deceptive Trade Practices Laws**

| | California | Other States |
|---|---|---|
| | | **"Reasonable Person Would Rely" Sufficient:**<br><br>• Michigan. *Dix v. American Bankers Life Assurance Co.*, 415 N.W.2d206, 209 (Mich. 1987).<br><br>**Each Class Member Must Have Relied:**<br><br>• Pennsylvania. *Aronson v. Greenmountain.com*, 809 A.2d 399, 405 (Pa. Super. Ct. 2002). |
| Available Remedies | **UCL and FAL Permit Only Restitution and Injunctive Relief:**<br>The UCL and FAL only permit restitution and injunctive relief. Cal. Bus. & Prof. Code §§ 17203, 17535. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003).<br><br>**CLRA Provides for Actual Damages, Injunctive Relief, and Punitive Damages and Permits Attorney's Fees:**<br>Cal. Civ. Code § 1780(a)- (d). | **Treble Damages (Mandatory or Discretionary) and/or Other Damages Allowed:**<br><br>• Alabama. Ala. Code §§ 8-19-10(a)(2)<br><br>• Georgia. Ga. Code Ann. §§ 10-1- 399(c).<br><br>• Indiana. Ind. Code § 24-5-0.5-4(a).<br><br>• Massachusetts. Mass. Gen. Laws 93A §9(3).<br><br>• New Jersey. N.J. Stat. § 56:8-19.<br><br>• New Mexico. N.M. Stat. § 57-12-10(B).<br><br>• North Carolina. N.C. Gen. Stat. § 75-16; *Stetser v. TAP Pharm. Products, Inc.*, 598 S.E.2d 570, 584 (N.C. Ct. App. 2004); *Standing v. Midgett*, 850 F. Supp. 396, 402 (E.D.N.C. 1993).<br><br>• Rhode Island. R.I. Gen. Laws §§ 6-13.1-5.2(a), (d); *Park v. Ford Motor Co.*, 844 A.2d 687, 691-92 (R.I. 2004).<br><br>• Washington. Wash. Rev. Code § 19.86.090.<br><br>**Restricting Injunctive Relief or Prohibiting Punitive Damages:**<br><br>• Arkansas. Punitive damages only available for elderly and disabled persons. Ark. Code §§ 4-88-113(a)(1) & (f), 4-88- 204. |

# EXHIBIT 201
## Variations in State Consumer Protection Statutes and Deceptive Trade Practices Laws

|  | California | Other States |
|---|---|---|
|  |  | • Illinois. Injunctive relief available only in suits brought by Attorney General or a State's Attorney. 815 Ill. Comp. Stat. 505/7; *Zanni v. Lippold*, 119 F.R.D. 32, 34 (C.D. Ill. 1988).<br><br>• Indiana. Injunctive relief available only in suits brought by Attorney General. Ind. Code § 24-5-0.5-4(c); *Block v. Abbott Labs.*, 2002 WL 485364, at *6 (N.D. Ill. 2002).<br><br>• Louisiana. Injunctive relief available only in suits brought by Attorney General. La. Rev. Stat. § 51:1407(A); *Block v. Abbott Labs.*, No. 99 C7457, 2002 WL 485364, at *6 (N.D. Ill. 2002).<br><br>• Maryland. No punitive damages or injunctive relief for private actions. Md. Com. Law Code § 13-408(a); *Golt v. Phillips*, 517 A.2d 328, 333 (Md. 1986); *McGraw v. Loyola Ford, Inc.*, 723 A.2d 502, 510 (Md. Ct. Spec. App. 1999).<br><br>• New Hampshire. No punitive damages. N.H. Rev. Stat. §§ 358-A:10a, 507:16.<br><br>• New Jersey. No punitive damages. N.J. Stat. § 56:8- 19(a).<br><br>• Tennessee. No punitive damages. *Paty v. Herb Adcox Chevrolet Co.*, 756 S.W.2d 697, 699 (Tenn. Ct. App. 1988); *Lorentz v. Deardan*, 834 S.W.2d 316, 320 (Tenn. Ct. App. 1992).<br><br>**Treble Damages Allowed for Individual Private Actions, But Precluded for Class Actions:**<br><br>• Colorado. Colo Rev. Stat. § 6-1-113(2).<br><br>• Ohio. Ohio Rev. Code § 1345.09(B).<br><br>**Damages Not Recoverable in Class Actions:**<br><br>• Kansas. Only declaratory and injunctive relief may be sought. Kan. Stat. § |

# EXHIBIT 201
## Variations in State Consumer Protection Statutes and Deceptive Trade Practices Laws

| | California | Other States |
|---|---|---|
| | | 50- 634(c). |
| | | **Only Greater of $1000 or Actual Damages Recoverable in Class Action:** |
| | | • Idaho. Idaho Code § 48-608(1). |
| | | **Only Injunctive Relief Available, But Treble Damages Available if Same Conduct Actionable Under Common Law or Other Statutes:** |
| | | • Delaware. Del. Code. Ann. tit. 6, § 2533(a), (c). |
| | | **Attorney's Fees Not Recoverable:** |
| | | • Colorado. Colo. Rev. Stat. Ann. § 6-1-113(2)(b). |
| | | **Attorney's Fees Not Recoverable Except in "Exceptional Cases" or for "Willful" Practices or Unwarranted Refusal to Settle:** |
| | | • Delaware. Del. Code Ann. tit. 6 § 2533(b). |
| | | • North Carolina. N.C. Gen. Stat. Ann. § 75- 16.1. |
| | | • Massachusetts. Mass. Gen. Laws Ann. ch. 93A, § 9(4). |
| | | **Attorney's Fees Not Recoverable in Class Actions:** |
| | | • Michigan. Mich. Comp. Laws § 445.911(2). |
| | | **Attorney's Fees Dependent on "Knowing" Violation or "Groundless" Action:** |
| | | • Minnesota. Minn. Stat. Ann. § 325D.45. |
| | | • North Dakota. N.D. Cent. Code § 51-15-09. |
| | | • Ohio. Ohio Rev. Code Ann. § 4165.03(B). |
| | | **Attorney's Fees Not Included As Part of Statutory Relief:** |
| | | • Arizona. Ariz. Rev. Stat. Ann. § 44-1528. |

# EXHIBIT 201
## Variations in State Consumer Protection Statutes and Deceptive Trade Practices Laws

|  | **California** | **Other States** |
|---|---|---|
|  |  | • South Dakota. S.D. Codified Laws § 37-24-31. |
| Scienter | <u>**Scienter Not Required for UCL or CLRA, But May Be Required If Claims Sound in Fraud**</u>:<br><br>No scienter requirement under the UCL or CLRA. Cal Civ. Code § 1770; Cal. Bus. & Prof. Code § 17200; *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 242 (2001) (no showing of intent required); *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 838 (2006) (UCL fraudulent prong does not require a showing of knowledge). *But see Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (Knowledge of falsity, or scienter, is an element of fraud that must be pleaded in UCL and CLRA claims sounding in fraud).<br><br><u>**Scienter Required for FAL**</u>:<br><br>FAL has a scienter requirement. Cal. Bus. & Prof. Code § 17500 (requiring "intent… to make or disseminate or cause to be made or disseminated" a statement "which is known, or … should be known, to be untrue or misleading"). | <u>**Scienter Required**</u>:<br><br>• Alabama. Ala. Code § 8-19-13; *Strickland v. Kafko Mfg., Inc.*, 512 So. 2d 714, 718 (Ala. 1987); *Sam v. Beaird*, 685 So. 2d 742, 746 (Ala. Ct. App. 1996).<br><br>• Arkansas. Ark. Code § 4-88- 107 (a)(1)<br><br>• Colorado. Colo. Rev. Stat. § 6-1-105(1)(e), (g), (i) & (u); *Crowe v. Tull*, 126 P.3d 196, 204 (Colo. 2006).<br><br>• Idaho. Idaho Code § 48-603; *State ex. Rel. Kidwell v. Master Distrib., Inc.*, 615 P.2d 116, 122-23 (Idaho 1980).<br><br>• Indiana. Ind. Code Ann. § 24-5-0.5-3; *McKinney v. State*, 693 N.E.2d 65, 68-69 (Ind. 1998).<br><br>• Iowa. Iowa Code § 714H.3(1).<br><br>• Kansas. Kan. Stat. Ann. § 50-626(b).<br><br>• Kentucky. *Sparks v. Re/Max Allstar Realty, Inc.*, 55 S.W.3d 343, 348 (Ky. Ct. App. 2000); *Capitol Cadillac Olds., Inc. v. Roberts*, 813 S.W.2d 287, 291 (Ky. 1991).<br><br>• Nevada. Nev. Rev. Stat. §§ 598.0915, 598.0923(2).<br><br>• New Mexico. N.M. State. Ann. § 57-12- 2(D); *Taylor v. United Mgmt. Inc.*, 51 F. Supp. 2d 1212, 1216 (D.N.M. 1999); *Stevenson v. Louis Dreyfus Corp.*, 811 P.2d 1308, 1311 (N.M. 1991).<br><br>• North Dakota. N.D. Cent. Code § 51-10-03.<br><br>• South Dakota. S.D. Codified Laws § 37-24-6(1).<br><br>• Utah. Utah Code § 13-11-4(2); *Rawson v. Conover*, 20 P.3d 876, 883 |

**EXHIBIT 201**
**Variations in State Consumer Protection Statutes and Deceptive Trade Practices Laws**

|  | **California** | **Other States** |
|---|---|---|
|  |  | (Utah 2001). |
|  |  | • Virginia. *Cooper v. GGGR Invs., LLC*, 334 B.R. 179, 188 (E.D. Va. 2005). |
|  |  | • West Virginia. W. Va. Code § 46A-6- 102(7)(M). |
|  |  | • Wyoming. Wyo. Stat. Ann. § 40-12-105; *Big-O Tires, Inc. v. Santini*, 838 P.2d 1169, 1177 (Wyo. 1992). |
| Availability of Class Actions | **Class Actions Permitted:**<br>Cal. Civ. Code § 1780; Cal. Bus. & Prof. Code §§ 17203, 17535. | **Class Actions Prohibited:**<br>• Georgia.  Ga. Code Ann. § 10-1-399(a).<br>• Louisiana.  La. Rev. Stat. § 51:1409(A).<br>• Mississippi.  Miss. Code § 75-24-15(4).<br>• Montana.  Mont. Code Ann. § 30-14- 133(1).<br>• South Carolina.  S.C. Code § 39-5- 140(a).<br>• Virginia. Va. Code §§ 59.1- 204(A-B).<br>**Class Actions Prohibited Unless Brought by Attorney General:**<br>• Alabama. Ala. Code § 8-19-10(f).<br>**Class Actions Prohibited Unless Pre-Approved by Attorney General:**<br>• Iowa. Iowa Code § 714H.7. |
| Actionable Conduct | **Unfair and Deceptive Practices Are Actionable:**<br>Cal. Civ. Code § 1770. | **Only "Deceptive" Practices Are Actionable:**<br>• Georgia. Ga. Code Ann. § 10-1-372.<br>• Kansas. Kan Stat. Ann. § 50- 626(a).<br>• South Dakota. S.D. Codified Laws § 37-24-6. |

# EXHIBIT 201
## Variations in State Consumer Protection Statutes and Deceptive Trade Practices Laws

|  | **California** | **Other States** |
|---|---|---|
|  |  | **"Unconscionable" or "Unfair" Practices Are Actionable:**<br>• Florida. Fla. Stat. Ann. § 501.204(1).<br>• South Carolina. S.C. Code Ann. § 39-5-20(a) |
| Statute of Limitations | **Four Years for UCL:**<br>Cal. Bus. & Prof. Code § 17208.<br>**Three Years for CLRA:**<br>Cal. Civ. Code § 1783.<br>**No Specific Statutory Statute of Limitations for FAL.** | **One Year:**<br>• Oregon. ORS 646.638(6).<br>• Alabama. Ala. Code § 8-19-14 (One year from discovery or four years from date of transaction).<br>• Arizona.  *Murry v. Western Am. Mortgage Co.*, 604 P.2d 651 at 645 (Ct. App. Ariz. 1979); Ariz. Rev. Stat. § 12-541(5).<br>**Two Years:**<br>• Utah. Ga. Utah Code Ann. § 13-11-19(8).<br>• Virginia. Va. Code § 59.1-204.<br>• Alaska.  AS 45.50.531(f).<br>• Georgia. O.C.G.A. §10-1-401(a)(1).<br>**Three Years:**<br>• Kansas. *Alexander v. Certified Master Builders Corp.*, 1 P.3d 899, 908 (Kan. 2000).<br>• Maryland.  *Crowder v. Master Fin., Inc.*, 933 A.2d 905, 921 (Md. Ct. Spec. App. 2007)<br>• District of Columbia.  D.C. Code § 12-301(8).<br>• Illinois.  815 I.L.C.S. 505/10a(e).<br>• New York.  *Gaidon v. Guardian Life Ins. Co.*, 96 N.Y.2d 201, 210 (2001). |

**EXHIBIT 201**
**Variations in State Consumer Protection Statutes and Deceptive Trade Practices Laws**

| | California | Other States |
|---|---|---|
| | | **Four Years:**<br><br>• Nevada. Nev. Rev. Stat. § 11.190(2)(d).<br><br>• New Mexico. *Nance v. L.J. Dolloff Assocs., Inc.*, 138 N.M. 851, 126 P.3d 1215 (2006); *accord Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1430 (10th Cir. 1996) (applying New Mexico law).<br><br>• North Carolina. N.C. Gen. Stat. § 75-16.2.<br><br>• West Virginia. W. Va. Code § 46A-1-101 et seq.<br><br>**Five Years:**<br><br>• Missouri. Ullrich v. CADCO, Inc., 244 S.W.3d 772 (Mo. App. 2008); Mo. Rev. Stat. § 516.120(3).<br><br>**Six Years:**<br><br>• New Jersey. *Mirra v. Holland America Line*, 331 N.J. Super. 86, 91 (App. Div. 2000); N.J. Stat. Ann. § 2A:14-1.<br><br>• Pennsylvania. *Lesoon v. Metropolitan Life Ins. Co.*, 898 A.2d 620, 627 (Pa. Super.), *allocatur denied*, 912 A.2d 1293 (Pa. 2006); *Gabriel v. O'Hara*, 534 A.2d 488, 496 (Pa. Super. 1987). |

# EXHIBIT 202

# EXHIBIT 202
## Variations in State Express Warranty Laws

|  | California | Other States |
|---|---|---|
| Privity | **Privity Required Except Where Purchase Made in Reliance on Manufacturer's Written Representations in Labels or Advertising:**<br><br>*Fieldstone Co. v. Briggs Plumbing Prods, Inc.*, 54 Cal. App. 4th 357, 369 n.10 (1997); *Fundin v. Chicago Pneumatic Tool Co.*, 152 Cal. App. 3d 951, 957 (1984); *Jones v. ConocoPhillips*, 198 Cal. App. 4th 1187 (2011); *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 143, 87 Cal. Rptr. 3d 5, 27 (2008). | **Privity Required**:<br><br>• Arizona.  *Flory v. Silvercrest Indus. Inc.*, 633 P.2d 383, 387 (Ariz. 1981).<br>• Florida.  *T.W.M. v. Am. Med. Sys.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995).<br>• West Virginia.  *McMahon v. Advance Stores Co., Inc.*, 705 S.E. 131, 141 (W.Va. 2010).<br>• Texas.  *Texas Processed Plastics, Inc. v. Gray Enters., Inc.*, 592 S.W.2d 412, 415 (Tex. App. 1979)<br>• Oregon.  *Colvin v. FMC Corp.*, 604 P.2d 157, 160 (1979).<br><br>**Privity Not Required**:<br><br>• Washington. *Fortune View Condo. Ass'n v. Fortune Star Dev. Co.*, 151 Wn.2d 534, 541 (Wash. 2004).<br>• Ohio.  *Reichhold Chem., Inc. v. Haas*, No. 1983, 1989 WL 133417, at *7 (Nov. 3, 1989).<br>• Illinois.  *Collins Co., Ltd. v. Carboline Co.*, 532 N.E.2d 834, 834 (Ill. 1988).<br>• Texas.  *Basin Operating Co. v. Valley Steel Prods. Co.*, 620 S.W.2d 773, 777 (Tex. Civ. App. 1981). |
| Reliance | **Presumption of Reliance That Can Be Overcome:**<br><br>Cal. Com. Code § 2313; *Weinstat v. Dentsply Intern., Inc.*, 180 Cal. App. 4th 1213 (2010); *Keith v. Buchanan*, 173 Cal. App. 3d 13, 21 (1985); *Hauter v. Zogarts*, 14 Cal. 3d 104, 115 (1975); *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1229 (2010); U.C.C. Comment 3 to Com. Code § 2313. | **Showing of Actual Reliance Required:**<br><br>• Minnesota.  *Hendricks v. Callahan*, 972 F.2d 190, 193 (8th Cir. 1992).<br>• Kentucky.  *Overstreet v. Norden Labs., Inc.*, 669 F.2d 1286, 1289-91 (6th Cir. 1982).<br>• Oklahoma.  *Speed Fasteners, Inc. v. Newsom*, 382 F.2d 395, 397 (10th Cir. 1967).<br>• New Hampshire.  *Hagenbuch v. Snap-On Tools Corp.*, 339 F. Supp. 676, |

**EXHIBIT 202**
**Variations in State Express Warranty Laws**

| | California | Other States |
|---|---|---|
| | | 680 (D.N.H. 1972). |

Continued in Other States column:

- Florida. *State Farm Ins. Co. v. Nu Prime Roll-A-Way of Miami, Inc.*, 557 So.2d 107, 108-09 (Fla. Dist. Ct. App. 1990).

- Mississippi. *Global Truck & Equip. Co. v. Palmer Mach. Works, Inc.*, 628 F. Supp. 641, 651 (N.D. Miss. 1986) (Mississippi law).

- Rhode Island. *Thomas v. Amway Corp.*, 488 A.2d 716, 720 (R.I. 1985)

**Showing of Reliance Not Required When Express Warranty Has Been Given Since Terms of Warranty Are Basis of the Bargain:**

- New York. *CBS Inc. v. Ziff–Davis Pub. Co.*, 75 N.Y.2d 496, 503, 554 N.Y.S.2d 449, 553 N.E.2d 997 (1990).

**Showing of Reliance Not Required:**

- Colorado. *Lutz Farms v. Asgrow Seed Co.*, 948 F.2d 638, 644-45 (10th Cir. 1991) (Colorado law).

- Virginia. *Daughtrey v. Ashe*, 413 S.E.2d 336, 338-39 (Va. 1992).

**Showing of Reliance Not Required But Plaintiff Must Be Aware of Representations:**

- Washington. *Baughn v. Honda Motor Co.*, 727 P.2d 655, 669 (Wash. 1986).

**Showing of Reliance Required Except Where Seller Made Affirmations of Fact:**

- North Carolina. *Harbor Point Homeowners' Ass'n, Inc. ex rel. Bd. Of Directors v. DJF Enterprises, Inc.*, 697 S.E.2d 439 (2010); N.C. Gen. Stat. § 25-2-313 cmt. 3.

**Defendant Has Burden to Show Plaintiff *Disbelieved* Representation:**

- New Jersey. *Cipollone v. Liggett Grp., Inc.*, 893 F.2d 541, 569 n.34 (3d

**EXHIBIT 202**
**Variations in State Express Warranty Laws**

| | California | Other States |
|---|---|---|
| | | Cir. 1990), *aff'd in part & rev'd in part*, 505 U.S. 504 (1992). <br><br> **Intra-State Split of Authority Regarding Whether Reliance Required:** <br><br> • Illinois. *Felley v. Singleton*, 705 N.E.2d 930, 934 (Ill. App. 2d 1999). |
| Statement Necessary to Create | **Statement of Opinion or "Puffery" Does Not Give Rise to Express Warranty**: <br><br> *Johnson v. Mitsubishi Digital Elec. Am, Inc.*, 578 F. Supp. 2d 1229, 1238-39 (C.D. Cal. 2008), *aff'd*, 365 Fed. Appx. 830 (9th Cir. 2010); *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351 (2003). | **Statement Creates Express Warranty If Natural Tendency of Statement Is to Induce Response**: <br><br> • Wisconsin. *Ewers v. Eisenzopf*, 276 N.W.2d 802, 805 (Wis. 1979). <br> • Ohio. *Jones v. Kellner*, 451 N.E.2d 548, 549 (Ohio Ct. App. 1982). <br><br> **Warranty May Be Created Where Terms Are Susceptible of Exact Knowledge**: <br><br> • Missouri. *Chase Resorts, Inc. v. Johns-Manville Corp.*, 476 F. Supp. 633, 638 (E.D. Mo. 1979) (statement that irrigation system "would provide years of trouble free performance" did not create an express warranty because the length and parameters of the trouble free service were not "susceptible of exact knowledge"), *aff'd*, 620 F.2d 203 (8th Cir. 1980). |
| Notice Requirement | **Plaintiff Must Provide Pre-Suit Notice to Manufacturer Within Reasonable Time of Discovering Breach Except Where Consumer Did Not Purchase Directly From Manufacturer:** <br><br> Cal. Com. Code § 2607(3)(A); *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 817-18 (N.D. Cal. 2014); *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1142-43 (N.D. Cal. 2010) (requiring notice to manufacturer, except where consumer did not purchase product from manufacturer directly). | **Notice to Manufacturer Generally Required:** <br><br> • Arkansas. *Cotner v. Int'l Harvester Co.*, 545 S.W.2d 627, 630 (Ark. 1977). <br> • North Carolina. *Maybank v. S.S. Kresge Co.*, 302 N.C. 129, 133, 273 S.E.2d 681 (1981); *Halprin v. Ford Motor Co.*, 107 N.C. App. 423, 420 S.E.2d 686, 688-89 (1992). <br> • Texas. *U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 199 (Tex. App. 2003). <br> • Wyoming. *W. Equip. Co. v. Sheridan Iron Works, Inc.*, 605 P.2d 806, 810-11 (Wyo. 1980). <br><br> **Notice to Intermediate Seller Will Suffice:** |

**EXHIBIT 202**
**Variations in State Express Warranty Laws**

| | California | Other States |
|---|---|---|
| | | • Colorado. *Cooley v. Big Horn Harvestore Sys., Inc.*, 813 P.2d 736, 742 (Colo. 1991); *Palmer v. A.H. Robins*, 684 P.2d 187 (Colo. 1984).<br><br>• Maryland. *Firestone Tire & Rubber v. Cannon*, 452 A.2d 192 (Md. App. 1982).<br><br>• South Carolina. *Seaside Resorts, Inc. v. Club Car, Inc.*, 416 S.E.2d 655, 663 (S.C. Ct. App. 1992).<br><br>• New Hampshire. *ACE Am. Ins. Co. v. Fountain Powerboats, Inc.*, No. CIV 06-CV-66-SM, 2007 WL 2438338, at *4 (D.N.H. Aug. 24, 2007).<br><br>**Sufficiency of Notice is Jury Question:**<br><br>• New York. *Hubbard v. General Motors*, 1996 WL 274018, at *4 (S.D.N.Y. 1996).<br><br>**Notice to Seller Required, Notice to Manufacturer May or May Not Also Be Required:**<br><br>• North Carolina. *Halprin v. Ford Motor Co.*, 420 S.E.2d 686, 688-89 (N.C. App. 1992).<br><br>**Delay in Providing Notice May Bar Suit:**<br><br>• District of Columbia. *Mariner Water Renaturalizer, Inc. v. Aqua Purification Sys., Inc.*, 665 F.2d 1066, 1069 (D.C. Cir. 1981).<br><br>• Massachusetts. *P & F Constr. Corp. v. Friend Lumber Corp.*, 575 N.E.2d 61, 64 (Mass. App. Ct. 1991).<br><br>• Oregon. *Wagner Tractor, Inc. v. Shields*, 381 F.2d 441, 445 (9th Cir. 1967) (Oregon law).<br><br>**Delay in Providing Notice Does Not Bar Suit:**<br><br>• Florida. *Lafayette Stabilizer Repair, Inc. v. Mach. Wholesalers Corp.*, 750 |

**EXHIBIT 202**
**Variations in State Express Warranty Laws**

| | California | Other States |
|---|---|---|
| | | F.2d 1290, 1294 (5th Cir. 1985) (Florida law).<br><br>• North Carolina.  *Maybank v. S.S. Kresge Co.*, 273 S.E.2d 681, 685 (N.C. 1981).<br><br>• South Dakota.  *Opp v. Nieuwsma*, 458 N.W.2d 352, 356-57 (S.D. 1990).<br><br>**Notice May Not Be Required At All in Retail Situations:**<br><br>• New York.  *Fischer v. Mead Johnson Labs*, 341 N.Y.S.2d 257, 258 (N.Y. App. Div. 1973). |

# EXHIBIT 203

# EXHIBIT 203
## Variations in State Implied Warranty Laws

| | California | Other States |
|---|---|---|
| Privity | **Vertical Privity Required, But Some Suggestion That Not Required When Plaintiff Relies on Manufacturer's Advertisements:**<br><br>*Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008); *Burr v. Sherwin Williams Co.*, 42 Cal.2d 682, 696 (1954); *see Allen v. Hyland's Inc.*, 300 F.R.D. 643, 669 (C.D. Cal. 2014). | **Privity Not Required:**<br><br>• Alaska. *Morrow v. New Moon Homes, Inc.*, 548 P.2d 279, 289 (Alaska 1976).<br><br>• Colorado. *Hansen v. Mercy Hospital, Denver*, 40 Colo. App. 17, 18 (1977); Colo. Rev. Stat. Ann. § 4-2-318.<br><br>• Louisiana. *Media Prod. Consultants, Inc. v. Mercedes–Benz of N.A., Inc.*, 262 La. 80, 262 So.2d 377 (1972).<br><br>• Michigan. *Cova v. Harley Davidson Motor Co.*, 26 Mich.App. 602, 182 N.W.2d 800, 802 (1970).<br><br>• Nebraska. *Peterson v. North Am. Plant Breeders*, 218 Neb. 258, 354 N.W.2d 625 (1984).<br><br>• New Jersey. *Alloway v. Gen. Marine Indus., L.P.*, 695 A.2d 264 (N.J. 1997).<br><br>• Pennsylvania. *Powers v. Lycoming Engines*, 272 F.R.D. 414, 420 (E.D. Pa. 2011); *Kassab v. Central Soya*, 432 Pa. 217, 246 A.2d 848, 856 (1968).<br><br>• Texas. *Nobility Homes of Tex., Inc. v. Shivers*, 557 S.W.2d 77, 81 (Tex. 1977).<br><br>**Privity Required:**<br><br>• Alabama. *Wellcraft Marine, Inc. v. Zarzour*, 577 So.2d 414, 419 (Ala. 1990).<br><br>• Arizona. *Flory v. Silvercrest Indust., Inc.*, 129 Ariz. 574, 633 P.2d 383 (1981).<br><br>• Connecticut. *United Tech. Corp. v. Saren Engineering, Inc.*, No. X06CV–020173135S, 2002 WL 31319598 (Conn. Super. Ct. Sept. 25, |

# EXHIBIT 203
## Variations in State Implied Warranty Laws

| | California | Other States |
|---|---|---|
| | | 2002). |
| | | • Florida.  *Mesa v. BMW of N. Am., LLC*, 904 So.2d 450, 458 (Fla. Dist. Ct. App. 2005). |
| | | • Idaho.  *Am. W. Enters., Inc. v. CNH, LLC*, 155 Idaho 746, 316 P.3d 662, 666 (2013); *Salmon Rivers Sportsman Camps, Inc. v. Cessna Aircraft Co.*, 97 Idaho 348, 544 P.2d 306 (1975). |
| | | • Illinois.  *Zaro v. Maserati N. Am., Inc.*, 2007 WL 4335431, at *2 (N.D. Ill. 2007). |
| | | • Iowa.  *Tomka v. Hoechst Celanese Corp.*, 528 N.W.2d 103 (Iowa 1995). |
| | | • Kentucky.  *Berger v. Standard Oil Co.*, 126 Ky. 155, 103 S.W. 245 (1907). |
| | | • New York.  *Kolle v. Mainship Corp.*, 2006 WL 1085067, at *5 (E.D.N.Y. 2006); *Hole v. General Motors Corp.*, 83 A.D.2d 715, 442 N.Y.S.2d 638 (1981). |
| | | • North Carolina.  *Gregory v. Atrium Door & Window Co.*, 106 N.C. App. 142, 415 S.E.2d 574, 575 (1992); *Terry v. Double Cola Bottling Co.*, 263 N.C. 1, 138 S.E.2d 753 (1964). |
| | | • Ohio.  *McKinney v. Bayer Corp.*, 744 F.Supp.2d 733, 758 (N.D. Ohio 2010). |
| | | • Oregon.  *Dravo Equip. Co. v. German*, 73 Or. App. 165, 698 P.2d 63 (1985). |
| | | • Tennessee.  *Gregg v. Y.A. Co.*, 2007 WL 1447895, at *7 (E.D. Tenn. 2007); *Messer Griesheim Indust., Inc. v. Cryotech of Kingsport, Inc.*, 131 S.W.3d 457 (Tenn. Ct. App.2003). |
| | | • Vermont.  *Vermont Plastics, Inc. v. Brine, Inc.*, 824 F.Supp. 444 |

**EXHIBIT 203**
**Variations in State Implied Warranty Laws**

| | California | Other States |
|---|---|---|
| | | (D.Vt.1993); *Stoney v. Franklin*, 54 Va. Cir. 591 (2001). <br><br> • Wisconsin. *State Farm Mut. Auto. Ins. Co. v. Ford Motor Co.*, 225 Wis.2d 305, 592 N.W.2d 201 (1999). <br><br> **Privity Not Required for Implied Warranty of Merchantability But Required for Implied Warranty of Fitness for a Particular Purpose:** <br><br> • Indiana. *Atkinson v. P & G-Clairol, Inc.*, 813 F. Supp. 2d 1021, 1026 (N.D. Ind. 2011); *Hoopes v. Gulf Stream Coach, Inc.*, No. 1:10-CV-365, 2014 WL 4829623, *10 (N.D. Ind. Sept. 29, 2014); *Lautzenhiser v. Coloplast A/S*, No. 4:11-CV-86-RLY-WGH, 2012 WL 4530804, *5 (S.D. Ind. Sept. 29, 2012); *Hyundai Motor America, Inc. v. Goodin*, 822 N.E.2d 947, 959 (Ind. 2005). <br><br> **Privity Not Required for Implied Warranty of Fitness for a Particular Purpose If Plaintiff Proves Buyer Had a "Particular Purpose" Known to Seller:** <br><br> • Maryland. *Ford Motor Co. v. General Accident Ins. Co.*, 365 Md. 321, 345 (2001). <br><br> **Exception to Privity Requirement When Plaintiff-Consumer Is Intended End User of a Product:** <br><br> • Washington. *Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Const. Inc.*, 119 Wash.2d 334 (1992); *Kadiak Fisheries Co. v. Murphy Diesel Co.*, 70 Wash.2d 153 (1967). <br><br> **Privity Held to Exist Between Buyer and Manufacturer If Manufacturer Extends Express Warranty to Buyer:** <br><br> • Georgia. *Chrysler Corp. v. Wilson Plumbing Co., Inc.,* 132 Ga.App. 435, 208 S.E.2d 321, 323 (1974); *Jones v. Cranman's Sporting Goods*, 142 Ga.App. 838, 237 S.E.2d 402, 406 (1977); *Lamb v. Ga.-Pac. Corp.*, 194 |

# EXHIBIT 203
## Variations in State Implied Warranty Laws

| | California | Other States |
|---|---|---|
| | | Ga. App. 848, 392 S.E.2d 307, 309 (1990). |
| Notice | **Pre-Suit Notice Generally Required But Exception May Exist for Unsophisticated Consumers Against Manufacturers With Whom They Have Not Dealt:**<br><br>Cal. Comm. Code § 2607(3)(A); *Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803 EMC, 2014 WL 2916472, at *4 (N.D. Cal. June 26, 2014); *Greenman v. Yuba Power Prods., Inc.*, 59 Cal.2d 57, 61 (1963) (en banc); *Fieldstone Co. v. Briggs Plumbing Products, Inc.*, 54 Cal. App. 4th 357 (1997), *superseded by statute on other grounds as recognized by Greystone Homes, Inc. v. Midtec, Inc.*, 168 Cal. App. 4th 1194 (2008). | **Filing of the Complaint May Be Sufficient for Notice:**<br><br>• Alaska.  *Shooshanian v. Wagner*, 672 P.2d 455, 462–63 and n. 6 (Alaska 1983).<br><br>• Arizona.  *Davidson v. Wee,* 93 Ariz. 191, 379 P.2d 744, 749 (1963).<br><br>• Ohio.  *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 42 Ohio St. 3d 40, 54, 537 N.E.2d 624, 637-38 (1989).<br><br>• Pennsylvania.  *Precision Towers, Inc. v. Nat-Com, Inc.*, No. 2143, 2002 WL 31247992, at *5 (Phila. Ct. Com. Sept. 23, 2002); *In re Ford E-350 Van Prods. Liab. Litig.*, No 03-cv-4558, 2010 WL 2813788, at *39-40 (D.N.J. July 9, 2010) (Pennsylvania law).<br><br>• Virginia.  *Aqualon Co. v. Mac Equip., Inc.*, 149 F.3d 262, 270 (4th Cir. 1998); *Bd. of Directors of Bay Point Condo. Ass'n, Inc. v. RML Corp.*, 57 Va. Cir. 295 (2002).<br><br>**Law in Flux Whether Notice Must Be to Manufacturer Or to Seller:**<br><br>• Florida.  *Fed. Ins. Co. v. Lazzara Yachts of N. Am., Inc.*, No. 09-cv-607, 2010 WL 1223126, at *5 (M.D. Fla. Mar. 25, 2010); *Jovine v. Abbott Laboratories, Inc.*, 795 F.Supp.2d 1331 (S.D. Fla. 2011).<br><br>**Pre-Suit Notice Required:**<br><br>• Alabama.  *Rampey v. Novartis Consumer Health, Inc.*, 867 So.2d 1079, 1086 (Ala. 2003); *Hobbs v. Gen. Motors Corp.*, 134 F. Supp. 2d 1277, 1285(M.D. Ala. 2001).<br><br>• Arkansas.  *Adams v. Wacaster Oil Co., Inc.*, 81 Ark. App. 150, 98 S.W.3d 832, 835–36 (2003). |

# EXHIBIT 203
## Variations in State Implied Warranty Laws

| | California | Other States |
|---|---|---|
| | | • Illinois.  *Anthony v. Country Life Mfg., LLC,* 70 Fed. Appx. 379, 384 (7th Cir. 2003). |
| | | • Maryland.  *Lynx, Inc. v. Ordnance Prods., Inc.*, 327 A.2d 502, 514 (Md. 1974). |
| | | • *Texas.  U.S. Tire–Tech, Inc. v. Boeran*, 110 S.W.3d 194, 201 (Tex. App.-Houston 2003); *McKay v. Novartis Pharm. Corp.*, 934 F. Supp. 2d 898, 915 (W.D. Tex. 2013). |
| | | **Seller Has Burden to Show Buyer's Failure to Provide Notice Was Unreasonable and Prejudicial:** |
| | | • Kentucky.  *Mullins v. Wyatt,* 887 S.W.2d 356, 358 (Ky. 1994). |
| | | **Untimely Notice May Bar Suit Even If No Prejudice to Defendant:** |
| | | • Michigan.  *Eaton Corp. v. Magnavox Co.,* 581 F.Supp. 1514, 1532, 1534 (E.D. Mich.1984). |
| | | **Pre-Suit Notice Generally Required But Exception For Third Party Beneficiaries:** |
| | | • Connecticut.  *Tomczuk v. Town of Cheshire,* 26 Conn. Supp. 219, 217 A.2d 71, 73–74 (1965); *Voboril v. Namco Leisure World, Inc.*, 24 UCC Rep. Serv. 614 (Conn. Super. Ct. 1978). |
| | | **Notice Not Required When Buyer Is Consumer But Required When Buyer Is Merchant:** |
| | | • Kansas.  *Wichita v. U.S. Gypsum Co.,* 828 F.Supp. 851, 856–57 (D. Kan. 1993), *rev'd on other grounds,* 72 F.3d 1491 (10th Cir. 1996). |
| | | **Notice to Immediate Seller Sufficient:** |
| | | • Colorado.  *Cooley v. Big Horn Harvestore Sys., Inc.*, 813 P.2d 736, 740-41 (Colo. 1991). |

**EXHIBIT 203**
**Variations in State Implied Warranty Laws**

| | California | Other States |
|---|---|---|
| | | • Maine. *Sullivan v. Young Bros.*, 893 F.Supp. 1148, 1160 (D. Me. 1995), *rev'd on other grounds,* 91 F.3d 242 (1st Cir. 1996).<br><br>• Missouri. *Ragland Mills, Inc. v. General Motors Corp.*, 763 S.W.2d 357, 361 (Mo. Ct. App. 1989).<br><br>**Lack of Pre-Suit Notice Only Bars Suit if Defendant Shows Prejudice:**<br><br>• Georgia. *Wal-Mart Stores, Inc. v. Wheeler*, 262 Ga. App. 607, 586 S.E.2d 83, 86-87 (2003).<br><br>**Notice to Manufacturer Not Required:**<br><br>• Iowa. *Wright v. Brooke Grp. Ltd.*, 114 F. Supp. 2d 797, 830 (N.D. Iowa 2000).<br><br>**Whether Notice Is Reasonable and Timely Is Context-Specific Inquiry:**<br><br>• Wisconsin. *Paulson v. Olson Implement Co., Inc.*, 107 Wis.2d 510, 319 N.W.2d 855, 862 (1982).<br><br>• Nebraska. *Fitl v. Strek*, 269 Neb. 51, 55, 690 N.W.2d 605 (2005). |
| Definition of "Merchantability" | **Plaintiff Must Show Product Did Not Possess "Even the Most Basic Degree of Fitness for Ordinary Use" or "Provide for Minimum Level of Quality"**:<br><br>• *Mocek v. Alfa Leisure, Inc.,* 114 Cal.App.4th 402, 406, 7 Cal.Rptr.3d 546 (2003); Cal. Com. Code § 2314(2); *American Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1296 (2003). | **UCC's "Fit for Ordinary Purpose" Standard *Plus* More:**<br><br>• Delaware. *Nacci v. Volkswagen of America*, 325 A.2d 617 (Del. Super. Ct. 1974) (asks whether a prudent manufacturer would pursue a different available design).<br><br>**"Reasonable Consumer Expectations" Standard:**<br><br>• Massachusetts. *Venezia v. Miller Brewing*, 626 F.2d 188, 190 (1st Cir. 1980) (Massachusetts law).<br><br>**Plaintiff Must Define Merchantability on *Ad Hoc* Basis for Jury:**<br><br>• Kansas. *Musil v. Henrich*, 627 P.2d 367, 373 (Kan. Ct. App. 1981).<br><br>**Merchantability Directed at "Operative Essentials" of Product Rather** |

**EXHIBIT 203**
**Variations in State Implied Warranty Laws**

| | California | Other States |
|---|---|---|
| | | **Than High Quality:**<br><br>• Vermont.  *Tracy v. Vinton Motors, Inc.*, 130 Vt. 512, 516, 296 A.2d 269, 272 (1972). |

# EXHIBIT 204

**EXHIBIT 204**
**Variations in State Law of Common Law Fraud**

|  | California | Other States |
|---|---|---|
| Burden of Proof | **Preponderance of the Evidence:**<br>*Liodas v. Sahadi*, 19 Cal. 3d 278, 291(1977). | **Clear and Convincing Evidence**:<br>• Alabama. *Mannington Wood Floors, Inc. v. Port Epes Transp., Inc.*, 669 So.2d 817, 824 (Ala. 1995).<br>• Arizona. *Enyart v. Transamerica Ins. Co.*, 985 P.2d 556, 562 (Ariz. Ct. App. 1999).<br>• District of Columbia. *Park v. Sandwich Chef, Inc.*, 651 A.2d 798, 802, n.3 (D.C. App. 1994).<br>• Hawaii. *Shoppe v. Gucci Am., Inc.*, 14 P.3d 1049, 1067 (Haw. 2000).<br>• Idaho. *Sowards v. Rathbun*, 8 P.3d 1245, 1249 (Idaho 2000).<br>• Illinois. *Europlast, Ltd. v. Oak Switch Sys. Inc.*, 10 F.3d 1266, 1272 (7th Cir. 1993).<br>• Kansas. *Alexander v. Everhart*, 7 P.3d 1282, 1289 (Kan. Ct. App. 2000).<br>• Kentucky. *Alvey v. Union Inv., Inc.*, 697 S.W.2d 145, 147 (Ky. Ct. App. 1985).<br>• Maryland. *Gross v. Sussex Inc.*, 630 A.2d 1156, 1161 (Md. 1993).<br>• Mississippi. *Singing River Mall Co. v. Mark Fields, Inc.*, 599 So. 2d 938, 945 (Miss. 1992).<br>• New Hampshire. *Snow v. Am. Morgan Horse Ass'n, Inc.*, 686 A.2d 1168, 1170 (N.H. 1996).<br>• New Mexico. *Eckhardt v. Charter Hosp. of Albuquerque, Inc.*, 953 P.2d 722, 735 (N.M. Ct. App. 1997).<br>• New Jersey. *Daibo v. Kirsch*, 720 A.2d 994, 999 (N.J. Super. App. Div. 1998).<br>• New York. *Otto Roth & Co., Inc. v. Gourmet Pasta, Inc.*, 715 N.Y.S.2d 78, |

**EXHIBIT 204**
**Variations in State Law of Common Law Fraud**

|  | California | Other States |
|---|---|---|
|  |  | 80 (N.Y. App. Div. 2000). |
|  |  | • North Dakota. *Kary v. Prudential Ins. Co. of Am.*, 541 N.W.2d 703, 705 (N.D. 1996). |
|  |  | • Oregon. *Gallant v. Bd. of Med. Exam'rs*, 974 P.2d 814, 818 (Or. Ct. App. 1999). |
|  |  | • Utah. *Andalex Res., Inc. v. Myers*, 871 P.2d 1041, 1046 (Utah App. 1994). |
|  |  | • Vermont. *Hardwick-Morrison Co. v. Albertsson*, 605 A.2d 529, 531 (Vt. 1992). |
|  |  | • Virginia. *Breault v. Berkshire Life Ins. Co.*, 821 F. Supp. 410, 417 (E.D. Va. 1993). |
|  |  | • Washington. *Wharf v. Burlington N.R.R. Co.*, 60 F.3d 631, 637 (9th Cir. 1995). |
|  |  | • Wyoming. *Bender v. Phillips*, 8 P.3d 1074, 1078 (Wyo. 2000). |
|  |  | **"Clear Precise and Unequivocal" Evidence:** |
|  |  | • Connecticut. *Cutler v. Greenberg*, 761 A.2d 237, 241 (Conn. App. 2000). |
|  |  | **Preponderance of "Clear, Satisfactory and Convincing" Evidence:** |
|  |  | • Iowa. *Bates v. Allied Mut. Ins. Co.*, 467 N.W.2d 255, 260 (Iowa 1991). |
|  |  | **"Reasonable Degree of Certainty":** |
|  |  | • Oklahoma. *Olson v. Briscoe*, 10 P.3d 246, 249 (Okla. App. 2000). |
| Materiality | **Material If Reasonable Person Would Attach Importance In Determining Whether to Take Part in Transaction:** <br><br>*Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 977 (1997). | **Material If Plaintiff's Action Might Have Been Different If Representation Had Not Been Made:** <br><br>• Colorado. *Ackmann v. Merchants Mortg. & Trust Corp.*, 645 P.2d 7, 14 (Col. 1982). |

**EXHIBIT 204**
**Variations in State Law of Common Law Fraud**

|  | California | Other States |
|---|---|---|
|  |  | **Material If The Fact is "Basic to the Transaction":**<br><br>• Massachusetts.  *Wolf v. Prudential-Bache Securities, Inc.*, 672 N.E.2d 10, 12 (Mass. App. Ct. 1996).<br><br>**Material If The Fact is "of Such Character That It Would Have Prevented the Transaction if Disclosed":**<br><br>• Pennsylvania.  *Sewak v. Lockhart*, 699 A.2d 755, 760 (Pa. Sup. Ct. 1997). |
| Reliance | **"Justifiable Reliance" Standard, and Inference of Reliance Permitted If Same Misrepresentations Made to Each Class Member:**<br><br>*SimTel Communications v. Nat'l Broadcasting Co., Inc.*, 71 Cal. App. 4th 1066, 1081 (1999); *Kaldenbach v. Mutual of Omaha Life Ins. Co.*, 178 Cal. App. 4th 830 (2009). | **"Actual Reliance" Standard:**<br><br>• Arizona.  *Taeger v. Catholic Family and Cmty. Servs.*, 995 P.2d 721, 730 (Ariz. Ct. App. 1999).<br><br>• Iowa. *Kunkle Water & Elec Inc., v. City of Prescott*, 347 N.W.2d 648, 653 (Iowa 1984).<br><br>• Mississippi. *Gen. Motors Acceptance Corp. v. Baymon*, 732 So.2d 262, 269-70 (Miss. 1999).<br><br>• Missouri. *Misischia v. St. John's Mercy Med. Ctr.*, 30 S.W.3d 848, 868 (Mo. App. 2000).<br><br>• Montana. *Wright v. Blevins*, 705 P.2d 113, 117 (Mont. 1985).<br><br>• New York. *Otto Roth & Co., Inc. v. Gourmet Pasta, Inc.*, 715 N.Y.S.2d 78, 80 (N.Y. App. Div. 2000).<br><br>• Oklahoma. *Whitson v. Oklahoma Farmers Union Mut. Ins. Co.*, 889 P.2d 285, 287 (Okla. 1995).<br><br>• Virginia. *Spence v. Griffin*, 372 S.E.2d 595, 598 (Va. 1988).<br><br>• Wyoming. *Johnson v. Soulis*, 542 P.2d 867, 872 (Wyo. 1975).<br><br>**"Reasonable Reliance" Standard:** |

**EXHIBIT 204**
**Variations in State Law of Common Law Fraud**

|  | California | Other States |
|---|---|---|
|  |  | • New Hampshire. *Walker v. Percy*, 702 A.2d 313, 317 (N.H. 1997).<br><br>• South Carolina. *Ardis v. Cox*, 431 S.E.2d 267, 269 (S.C. Ct. App. 1993).<br><br>• Utah. *Mikkelson v. Quail Valley Real*, 641 P.2d 124, 126 (Utah 1982).<br><br>• Wyoming. *Sundown, Inc. v. Pearson Realty Estate Co., Inc.*, 8 P.3d 324, 330 (Wyo. 2000).<br><br>**Reliance May Not Be Inferred in Class Actions Because Requires Individual Proof:**<br><br>• Delaware. *Gaffin v. Teledyne, Inc.*, 611 A.2d 467, 474 (Del. 1991).<br><br>• Florida. *Humana, Inc. v. Castillo*, 728 So.2d 261 (Fla. Dist. Ct. App. 1999). |
| Scienter | **Scienter Required:**<br><br>*Bower v. AT & T Mobility, LLC*, 196 Cal. App. 4th 1545, 1557 (2011) (Knowledge of the falsity and intent to induce reliance is necessary for intentional misrepresentation.. | **Scienter Not Required:**<br><br>• Arizona. *Comerica Bank v. Mahmoodi*, 229 P.3d 1031, 1033-34 (Ariz. Ct. App. 2010).<br><br>• Indiana. *Hizer v. Holt*, 937 N.E.2d 1, 5 (Ind. Ct. App. 2010).<br><br>• Mississippi. *Poe v. Summers*, 11 So.3d 129, 133 (Miss. Ct. App. 2009).<br><br>• Missouri. *Richards v. ABN AMRO Mortg. Group, Inc.*, 261 S.W.3d 603, 607 (Mo. Ct. App. 2008).<br><br>• Nevada. *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992).<br><br>• New Hampshire. *Patch v. Arsenault*, 139 N.H. 313, 319, (1995).<br><br>• North Dakota.<br><br>• Ohio. *Wagner v. Ohio State Univ. Med. Ctr.*, 934 N.E.2d 394, 402 (Ohio Ct. App. 2010).<br><br>• Pennsylvania. *Debbs v. Chrysler Corp.*, 810 A.2d 137, 155 (Pa. Super. Ct. |

**EXHIBIT 204**
**Variations in State Law of Common Law Fraud**

| | **California** | **Other States** |
|---|---|---|
| | | 2002). |
| | | • Wyoming. *Excel Constr., Inc. v. HKM Eng'g, Inc.*, 228 P.3d 40, 48-49 (Wyo. 2010). |
| Statute of Limitations | **Three Years**<br>Cal. Civ. Proc. Code § 338(d). | **One Year:**<br>• Louisiana. *Winn Fuel Serv., Inc. v. Booth*, 34 So.3d 515, 519 (La. Ct. App. 2010).<br>**Two Years:**<br>• Alabama. *Jarzen v. Wright*, 679 So.2d 1086, 1088 (Ala. Civ. App. 1996); Ala. Code § 6-2-38.<br>• Kansas. *Richards v. Bryan*, 879 P.2d 638, 646 (Kan. Ct. App. 1994).<br>• Montana. *Osterman v. Sears, Roebuck & Co.*, 80 P.3d 435, 440 (Mont. 2003).<br>• Oklahoma. *Bennett v. McKibben*, 915 P.2d 400 (Okla. Civ. App. 1996).<br>• Oregon. *Murray v. Lamb*, 148 P.2d 797, 801 (Or. 1944).<br>• Pennsylvania. 42 Pa. Cons. Stat. Ann. § 5524.<br>**Four Years:**<br>• Florida. *Sands v. Blando*, 575 So.2d 1306, 1306 (Fla. Dist. Ct. App. 1991)..<br>• Nebraska. *McGinley v. McGinley*, 583 N.W.2d 77, 80 (Neb. Ct. App. 1998).<br>• New Mexico. N.M. Stat. Ann. § 37-1-4.<br>• Ohio. *Burr v. Bd. of Cnty Comm'rs of Stark Cnty.*, 491 N.E.2d 1101 (Ohio 1986). |

**EXHIBIT 204**
**Variations in State Law of Common Law Fraud**

|  | California | Other States |
|---|---|---|
|  |  | • Texas.  *Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 226 (Tex. Ct. App. 2008). |
|  |  | **Five Years:** |
|  |  | • Illinois.  *Fitton v. Barrington Realty Co., Inc.*, 653 N.E.2d 1276 (Ill. App. Ct. 1995). |
|  |  | • Iowa.  *Bob McKinness Excavating & Grading Inc. v. Morton Bldgs., Inc.*, 507 N.W.2d 405 (Iowa 1993); Iowa Code § 614.1(4). |
|  |  | • Missouri.  *Corley v. Jacobs*, 820 S.W.2d 668, 672 (Mo. Ct. App. 1991). |
|  |  | **Six Years:** |
|  |  | • Hawaii.  *Eastman v. McGowan*, 946 P.2d 1317 (Haw. 1997); *Au v. Au*, 63 Haw. 210, 217-18 (1981). |
|  |  | • Indiana.  *Orem v. Ivy Tech State Coll.*, 711 N.E.2d 864, 870 n.7 (Ind. Ct. App. 1999). |
|  |  | • Maine.  14 Me. Rev. Stat. Ann. § 859. |
|  |  | • New York.  *Monaghan v. Ford Motor Co.*, 897 N.Y.S.2d 482 (N.Y. App. Div. 2010). |
|  |  | • Vermont.  12 Vt. Stat. Ann. tit. 12. § 511. |
|  |  | **Ten Years:** |
|  |  | • Rhode Island.  R.I. Gen. Laws § 9-1-13(a). |
| Calculation of Damages | **"Benefit of the Bargain" Method Used to Calculate Expectation Damages:**<br><br>Cal. Civ. Code §§ 1709, 3333; *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 992 (Cal. 2004). | **"Out of Pocket Only" Calculation of Damages Allows Plaintiff to Recover Only Reliance Damages:**<br><br>• Louisiana.  *Silver v. Nelson*, 610 F. Supp. 505, 523 (D. La. 1985).<br><br>• Minnesota. *B.F. Goodrich Co. v. Mesabi Tire Co.*, 430 N.W.2d 180, 182 |

**EXHIBIT 204**
**Variations in State Law of Common Law Fraud**

| | California | Other States |
|---|---|---|
| | **Punitive Damages Recoverable :** <br><br> *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1241 (Cal. 1995). | (Minn. 1988). <br><br> • New York. *Kaddo v. King Serv.*, 250 A.D.2d 948, 949 (N.Y. App. Div. 3d Dep't 1998). <br><br> • Pennsylvania. *Restituto v. Trauma Serv. Group, 29 Phila*. 225, 244 (Pa. C.P. 1995). <br><br> **"Flexible" Approach to Calculation of Damages:** <br><br> • Florida. *Minotty v. Baudo*, 42 So. 3d 824, 835 (Fla. Dist. Ct. App. 4th Dist. 2010). <br><br> • Idaho. *Walston v. Monumental Life Ins. Co.*, 129 Idaho 211, 217 (Idaho 1996). <br><br> • Iowa. *Spreitzer v. Hawkeye State Bank*, 779 N.W.2d 726, 739 (Iowa 2009). <br><br> • Maryland. *Hinkle v. Rockville Motor Co*., 262 Md. 502, 512 (Md. 1971). <br><br> • New Jersey. *Lipkowitz v. Hamilton Surgery Ctr., LLC*, 415 N.J. Super. 29, 35 (App. Div. 2010). <br><br> • Vermont. *Kramer v. Chabot*, 152 Vt. 53, 57 (Vt. 1989). <br><br> • Washington. *J & J Food Ctrs. v. Selig*, 76 Wn.2d 304, 310 (Wash. 1969). <br><br> **Punitive Damages Not Available:** <br><br> • Louisiana. *Silver v. Nelson*, 610 F. Supp. 505, 523 (D. La. 1985). <br><br> • Nebraska. *Abel v. Conover*, 170 Neb. 926, 104 N.W.2d 684, 688 (Neb. 1960). <br><br> • Washington. *Bau v. Interlay Citizens Bank of Tampa*, 96 Wn.2d 692, 635 (1982). |