UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUSTIN DARISSE,<br><br>    Plaintiff,<br><br>v.<br><br>NEST LABS, INC.,<br><br>    Defendant. | Case No. 5:14-cv-01363-BLF<br><br>**OMNIBUS ORDER RE: MOTIONS TO SEAL**<br><br>[Re: ECF 111, 124, 129] |

Before the Court are three administrative motions to seal, one from Plaintiff Justin Darisse and two from Defendant Nest Labs, Inc. *See* Mots., ECF 111, 124, 129. All three sealing motions relate to the briefing on Darisse's motion for class certification. *See id.* For the reasons stated below, the motions are GRANTED IN PART and DENIED IN PART.

**I.      LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden

of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178-79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179-80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under

the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

Because the parties' class certification briefing is more than tangentially related to the merits of this case, the Court applies the compelling reasons standard. With that standard in mind, the Court rules on the instant motions as follows:

| **ECF No.** | **Document to be Sealed** | **Result** | **Reasoning** |
| --- | --- | --- | --- |
| 111-11 | Nest's opposition to Darisse's motion for class certification | Designations highlighted in yellow at 24:14-17, 20-22 SEALED; remainder UNSEALED. | Sealed designations contain confidential business information. Unsealed designations contain information designated as confidential by Darisse, but Darisse has not filed a declaration in support as required by Civ. L.R. 79-5(e)(1). |
| 111-12 | Wilson Decl. in support of Nest's opposition | UNSEALED. | Declaration in support of sealing does not request sealing of Wilson declaration. |
| 111-13 | Exhibits 205-206 to Wilson Decl. | UNSEALED. | Ex. 205 contains information designated as confidential by Darisse, but Darisse has not filed a declaration in support as required by Civ. L.R. 79-5(e)(1). Ex. 206 does not contain Darisse's confidential information, as stated in Nest's declaration in support of its motion to seal. *Compare* Wilson Decl. ¶ 3, ECF 111-12, *with* Ex. 206, ECF 111-13. |

| | | | |
|---|---|---|---|
| 111-14 | Blasnik Decl. in support of Nest's opposition | Designations highlighted in orange at<br><br>5:5, 13-18, 20, 23-24, 26-28;<br>6:1;<br>7:1-7, 12-13<br><br>SEALED; remainder UNSEALED. | Only sealed portions contain confidential business information. |
| 111-15 | David Decl. | Designations highlighted in yellow on pages<br><br>3, 23, 24, A1-3<br><br>SEALED. | Sealed designations contain confidential business information. |
| 124-4 | Darisse's Reply | Designations highlighted in turquoise at<br><br>2:3-8,<br>3:4, 24-25,<br>13:14-15<br><br>SEALED; remainder UNSEALED. | Only sealed portions contain confidential business information. |
| 124-6 | Darisse's Reply Decl. | Designation highlighted in turquoise at<br><br>Exhibit D, 45:6-9<br>SEALED. | Sealed portion contains Darisse's identifying personal information. |
| 124-8 | Persinger Decl. | Exhibit A, 64:13-20, 80:16-24;<br><br>Exhibits B, C, F, and L<br><br>SEALED; remainder UNSEALED. | Only sealed portions contain confidential business information.  Unsealed designations contain generic business and marketing principles, non-confidential business information, or information disclosed by Nest on its website and public materials.  Exhibit G was not filed with the Court in its redacted or unredacted form and so the request to seal it is DENIED. |
| 124-10 | Weir Decl. | UNSEALED. | Unsealed designation contains information designated as confidential by Nest, and Nest indicates that sealing is unnecessary.  *See* Reiten Decl. at 1 n.1, ECF 128. |

4

| | | | |
|---|---|---|---|
| 129-2 | Ex. 35 to Fisher Decl. in support of Darisse's motion for class certification | Personal contact information SEALED; remainder UNSEALED. | Unsealed designations are a discussion of a promotional blog post and what message to use in it. The blog post has been publicly published, including the proposed messages. The unsealed designations are no longer confidential business information. |
| 129-3 | Ex. 37 to Fisher Decl. in support of Darisse's motion for class certification | UNSEALED. | Does not contain confidential business information. |
| 129-4 | Ex. 38 to Fisher Decl. in support of Darisse's motion for class certification | UNSEALED. | Does not contain confidential business information. |
| 129-5 | Ex. 101 to Fisher Decl. in support of Darisse's motion for class certification | Designations outlined in red at 147:1-15 SEALED; remainder UNSEALED. | Only sealed portions contain confidential business information. |
| 129-6 | Ex. 102 to Fisher Decl. in support of Darisse's motion for class certification | UNSEALED. | Does not contain confidential business information. |
| 129-7 | Ex. 103 to Fisher Decl. in support of Darisse's motion for class certification | Designations outlined in red SEALED. | Sealed portions contain confidential business information. |

**SO ORDERED.**

Dated: August 8, 2016

BETH L. FREEMAN
United States District Judge